Filed 10/11/24  P. v. Antunez CA2/6
Opinion after recalling remittitur

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSUE ANTUNEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B328194<br>(Super. Ct. No. NA118283)<br>(Los Angeles County) |

Josue Antunez was sentenced to state prison for 25 years to life after a jury convicted him of violating Penal Code section 288, subdivision (a),[1] lewd act upon a child under the age of 14.  The jury also found true the allegations that he had substantial sexual conduct with a victim who was under 14 years of age (§ 1203.066, subd. (a)(8)), and that he personally inflicted bodily harm on a victim who was under 14 years of age (§ 667.61, subd. (d)(7)).  He engaged in an act of sexual intercourse with the

---

1 All further statutory references are to the Penal Code.

victim, C.S.  She became pregnant and miscarried.  This formed the basis for the bodily harm enhancement.  The sentence was selected by the Legislature as part of the "one strike law" dealing with sexual offenders.

Appellant contends (1) there is no evidence of "force" being used and it cannot be tied to the victim's pregnancy and miscarriage, (2) the prosecutor committed misconduct in arguing to the jury and that defense counsel not objecting thereto, was ineffective assistance of counsel, and (3) the 25-year-to-life sentence is disproportionate to the crime and constitutes cruel and unusual punishment.  We reject these contentions and affirm the judgment.

*Factual Background*

We view the evidence in the light most favorable to the judgment as is required by the familiar rule governing appellate review.  When C.S. was twelve years old, she lived with her mother, three siblings, and her uncle, appellant herein.  When mother went to work, appellant repeatedly had sexual intercourse with C.S.  Appellant admitted to the police that he had sexual intercourse with C.S. but claimed this happened only once.  C.S. became pregnant and after three days of abdominal pain, she miscarried, with the fetus being expelled into a toilet.  Forensic evidence established that appellant was the biological sperm donor of the fetus.

*Discussion*

Appellant's first contention is without merit.  It is premised upon his assertion that "there was no evidence of force, no evidence of physical injury."  The premise is false.  Appellant was not charged with "forcible" child molestation pursuant to section 288, subdivision (b).  This was a lewd act with a child

2

accomplished by an act of sexual intercourse.  It is obvious that the injury suffered, i.e. pregnancy and miscarriage, was directly caused by appellant.  This is bodily injury as a matter of law.  (*People v. Cross* (2008) 45 Cal.4th 58, 66.)

Appellant's second contention is also without merit.  There was no objection to the prosecutor's argument.  This is a waiver and the contention need not be addressed on the merits.  (E.g., *People v. Powell* (2018) 6 Cal.5th 136, 174.)  We also observe that the prosecutor is able to argue reasonable inferences from the record.  There was no misconduct and no unfairness depriving the appellant of due process of law.  Comment that there was no evidence of C.S.'s prior sexual history and that she had no such history is a fair inference from the evidence.  Common sense dictates that a twelve-year-old child has little or no sexual history.  Similarly, it is reasonable to comment on three days of severe abdominal pain and her traumatic expulsion of the fetus into a toilet.

Finally, the 25-year-to-life sentence does not constitute cruel and/or unusual punishment pursuant to the California and United States Constitutions.  This offense and the resulting miscarriage have scarred this victim for the rest of her life.  The Legislature has set this penalty within their broad discretion to define crime and set punishments.  This penalty is not "grossly disproportionate" to appellant's culpability.  (See *In re Lynch* (1972) 8 Cal.3d 410, 424; *People v. Baker* (2018) 20 Cal.App.5th 711, 722-734.)

*Disposition*

The judgment is affirmed.

3

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

Daniel J. Lowenthal, Judge
Superior Court County of Los Angeles

_____

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent